| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |

ASHLEY LANCASTER,                  §
                                   §
          *Plaintiff(s)*,           §
                                   §
v.                                 §          No. _____
                                   §
TALKE USA, INC.,                   §
                                   §
          *Defendant(s)*.           §

**PLAINTIFF ASHLEY LANCASTER'S ORIGINAL COMPLAINT**

Plaintiff Ashley Lancaster (referred to as "Lancaster") brings this action under the Families First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178, 189-92, 195-201 (2020) (codified as amended in scattered sections of 29 U.S.C.) ("FFCRA") to recover back wages, lost wages, compensatory and punitive damages, liquidated damages, front pay, attorney's fees, plus interest and costs.

## I. Nature of Suit

1.     Lancaster's claims arise under the FFCRA.

2.     The FFCRA was enacted to, among other, provide employees with paid sick leave or expanded family and medical leave for specified reasons related to COVID-19. *See*, §§ 5101-5112, 29 U.S.C. § 2601 note ("Emergency Paid Sick Leave Act" or

"EPSLA"); 29 U.S.C. § 2620 ("Emergency Family and Medical Leave Expansion Act" or "EFMLEA").

3.     TALKE USA violated the FFCRA by (1) failing to provide Lancaster with paid sick leave as required by the EPSLA and (2) willfully retaliating against Lancaster for requesting and/or taking EPSLA leave.

4.     TALKE USA willfully violated the FFCRA because it knew or showed a reckless disregard for whether its conduct was unlawful.

## II.  Jurisdiction & Venue

5.     This action arises under a federal statute, the FFCRA. 28 U.S.C. § 1331 (federal-question jurisdiction).

6.     Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Lancaster's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III.  Parties

7.     Lancaster is an individual who resides in Brazoria County, Texas and who was employed by TALKE USA during the last three years.

8.     TALKE USA is a Delaware corporation that may be served with process by serving its registered agent:

– 2 –

InCorp Services, Inc.
815 Brazos Street, Suite 500
Austin, Texas 78701

Alternatively, if the registered agent of TALKE USA cannot with reasonable diligence be found at the company's registered office, TALKE USA may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

9.     An allegation that TALKE USA committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of TALKE USA or was done in the normal course and scope of employment of TALKE USA's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

10.     TALKE USA is a logistics business that services the petrochemical industry and is engaged in commerce or in an industry affecting commerce.

11.     TALKE USA does business in the territorial jurisdiction of this Court.

12.     TALKE USA employed Lancaster from January 21, 2020, to June 26, 2020.

13.     During Lancaster's employment with TALKE USA, the company had fewer than 500 employees.

14.     TALKE USA employed Lancaster as a human resources coordinator.

15.     As a human resources coordinator, Lancaster was responsible for aiding with and facilitating human resource processes.

16.     TALKE USA paid Lancaster $22.00 per hour.

17.     Lancaster typically worked forty-five (45) hours per week.

18.     During Lancaster's employment with TALKE USA, she was unable to work (or telework) due to a need for leave because she was (1) experiencing symptoms of COVID-19 and seeking a medical diagnosis and (2) advised by a healthcare provider to self-quarantine due to concerns related to COVID-19.

19.     Lancaster gave TALKE USA proper notice of her intention to take paid sick leave or expanded family and medical leave by showing them a note she received from a healthcare provider advising her to self-quarantine due to concerns related to COVID-19.

20.     TALKE USA did not provide Lancaster with paid sick leave as required by the EPSLA.

21.     TALKE USA willfully retaliated against Lancaster for requesting and/or taking EPSLA leave by terminating her.

22.     As a result of the FFCRA violation(s) described above, TALKE USA is liable to Lancaster for back wages, lost wages, compensatory and punitive damages, liquidated damages, front pay, attorney's fees, plus interest and costs.

## V.  Count One—
### Failure to Provide Paid Sick Leave in Violation of the EPSLA

23.     Lancaster adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

24.     The EPSLA requires covered employers to provide eligible employees with paid sick leave for specified reasons related to COVID-19. *See*, EPSLA § 5102.

25.     During Lancaster's employment with TALKE USA, the company was covered by the EPSLA.

26.     During Lancaster's employment with TALKE USA, she was eligible to take paid sick leave under the EPSLA.

27.     During Lancaster's employment with TALKE USA, she was entitled to take paid sick leave under the EPSLA because she was (1) experiencing symptoms of COVID-19 and seeking a medical diagnosis and (2) advised by a healthcare provider to self-quarantine due to concerns related to COVID-19.

28.     Lancaster gave TALKE USA proper notice of his intention to take EPSLA-leave by showing them a note she received from a healthcare provider advising her to self-quarantine due to concerns related to COVID-19.

29.    TALKE USA did not provide Lancaster with the paid sick leave to which he was entitled under the EPSLA. *See*, EPSLA §§ 5102, 5105(a).

30.    As a result of TALKE USA's violation the EPSLA, Lancaster is entitled to back wages in an amount equal to the paid sick leave that he should have received. *See*, 29 U.S.C. § 216(b); *see also*, EPSLA §§ 5102, 5105(a); 29 U.S.C. §§ 206, 216-17.

## VI.  Count Two—EPSLA Retaliation

31.    Lancaster adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

32.    The EPSLA prohibits a covered employer from discharging, disciplining, or in any other manner discriminating against an eligible employee who (1) requests and/or takes paid sick leave or (2) files a complaint under or related to the EPSLA and/or participates in an EPSLA investigation. *See*, EPSLA § 5104.

33.    During Lancaster's employment with TALKE USA, the company was covered by the EPSLA.

34.    During Lancaster's employment with TALKE USA, she was eligible to take paid sick leave under the EPSLA.

35.    During Lancaster's employment with TALKE USA, she was entitled to take paid sick leave under the EPSLA because she was (1) experiencing symptoms of

COVID-19 and seeking a medical diagnosis and (2) advised by a healthcare provider to self-quarantine due to concerns related to COVID-19.

36.     Lancaster requested and took leave under the EPSLA, both EPSLA-protected activities.

37.     TALKE USA terminated Lancaster before her paid sick leave expired.

38.     TALKE USA would not have terminated Lancaster but for her EPSLA-protected activities. *See*, EPSLA §§ 5104, 5105(b).

39.     As a result of TALKE USA's violation the EPSLA, Lancaster is entitled to lost wages, including fringe benefits, compensatory and punitive damages, and front pay in lieu of reinstatement. *See*, 29 U.S.C. § 216(b); *see also*, EPSLA § 5105 (b); 29 U.S.C. § 215(a)(3).

### VII.  Count Three—
### Liquidated Damages, Attorney's Fees & Costs Under
### 29 U.S.C. § 216(b)

40.     Lancaster adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

41.     Lancaster is authorized to recover liquidated damages on her claims by statute. 29 U.S.C. § 216(b); *see also*, EPSLA §§ 5105(a)-(b); 29 U.S.C. §§ 206, 215(a)(3).

42.     Lancaster is authorized to recover attorney's fees and costs on her claims by statute. 29 U.S.C. § 216(b); *see also*, EPSLA §§ 5105(a)-(b); 29 U.S.C. §§ 206, 215(a)(3).

43.     Lancaster has retained the professional services of the undersigned attorneys.

44.     Lancaster has complied with the conditions precedent to recovering attorney's fees and costs.

45.     Lancaster has incurred or may incur attorney's fees and costs in bringing this lawsuit.

46.     The attorney's fees and costs incurred or that may be incurred by Lancaster were or are reasonable and necessary.

47.     TALKE USA is liable to Lancaster for liquidated damages, attorney's fees and costs by reason of the FFCRA violations described above. 29 U.S.C. § 216(b); *see also*, EPSLA §§ 5105(a)-(b); 29 U.S.C. §§ 206, 215(a)(3).

## VIII.  Relief Sought

48.     Lancaster demands the following relief:

   a.   judgment against TALKE USA in Lancaster's favor for back wages;

   b.   judgment against TALKE USA in Lancaster's favor for lost wages, including fringe benefits, as provided for in 29 U.S.C. § 216(b), *see*, EPSLA § 5105(b) and 29 U.S.C. § 215(a)(3), and compensatory and punitive damages by reason of TALKE USA's wrongful conduct;

c.  judgment against TALKE USA in Lancaster's favor for liquidated damages as provided for in 29 U.S.C. § 216(b), *see*, EPSLA §§ 5105(a)-(b) and 29 U.S.C. §§ 206, 215(a)(3);

d.  judgment against TALKE USA in Lancaster's favor for front pay in lieu of reinstatement; and

e.  judgment against TALKE USA in Lancaster's favor for reasonable attorney's fees and other costs.

f.  prejudgment interest;

g.  all other relief and sums that may be adjudged against TALKE USA in Lancaster's favor.


Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _Melissa Moore_____

Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
renu@mooreandassociates.net